UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TYRONNE WELLS # 397072

VERSUS

CINDY VANNOY

CIVIL ACTION

NO. 10-821-JJB-SCR

**RULING ON EX PARTE MOTION TO FILE PAGES UNDER SEAL**

Before the court is the defendant Cindy Vannoy's Ex Parte Motion to File Pages Excerpted from the Book *Pimpology* Under Seal of Court. Record document number 59. The motion is not opposed.

Defendant Vannoy sought leave of court to file excerpts from the book *Pimpology* under seal, "restrict[ed] from public viewing."[1] In her supporting memorandum however, Vannoy sought to prohibit **the plaintiff** access to the publication excerpts.[2]

A district court has supervisory authority over its records. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). A court may deny access to records if the records become a vehicle for improper purposes. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98, 98 S.Ct. 1306 (1978) (listing various types of

---

[1] Record document number 59, p. 2.

[2] Record document number 59-1, pp. 1-2 (emphasis added). The excerpts consist of what appear to be the front and back covers, an inside liner note, the table of contents, and all or part of five pages. The last numbered page indicates that the book is more than 100 pages in length.

Shumpert

improper purposes that favor denying the public access to judicial records). Nevertheless, a court must use caution in exercising its discretion to place records under seal. *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

Rather than seeking to restrict public access to the excerpts to guard against their use for some improper purpose, the defendant seeks to have the excerpts filed under seal to deny the plaintiff access to documents, which documents she relies on to support her motion for summary judgment.[3]

Filing the excerpts under seal provides no real safeguard as to improper use by the public since the book itself is publically available. Insofar as the defendant's purpose is to prevent the plaintiff from having access to the excerpts, her strategy is improper. Plaintiff has previously asserted that the kinds of information contained in *Pimpology* is contained in other books already available from the prison library.[4] It is simply unfair to require the plaintiff to oppose the defendant's summary judgment motion without even knowing what information in *Pimpology* the defendant contends "provides instructions on how to identify women

---

[3] See record document number 60, Defense Motion for Summary Judgment on Behalf of Defendant Cindy Vannoy.

[4] See record document number 66. Defendant disagrees, characterizing these other sources as giving "historical examples of manipulation and seduction." Record document number 60-3, Supplemental Affidavit of defendant Cindy Vannoy, ¶ 3.

with low self esteem, to control and to isolate them."[5]  Having access to the excerpts from *Pimpology* allows the plaintiff to support his claim by comparing the information from other sources to the information withheld by the defendant.  The prospect of the plaintiff learning how to manipulate prison guards, particularly female guards, as a result of him having access to a few pages from the book seems very remote.

Accordingly, the defendant's Ex Parte Motion to File Pages Excerpted from the Book *Pimpology* Under Seal of Court is denied.

Baton Rouge, Louisiana, May 1, 2012.

*Stephen C. Riedlinger*

---

[5] *Id.* at ¶ 4.