UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TYRONNE WELLS # 397072

VERSUS

CINDY VANNOY

CIVIL ACTION

NO. 10-821-JJB-SCR

**RULING ON EX PARTE MOTION TO FILE TRAINING OUTLINES UNDER SEAL**

Before the court is the defendant Cindy Vannoy's Ex Parte Motion For Leave to File Two Louisiana Department of Public Safety and Corrections Basic Academy Training Outlines Under Seal of Court. Record document number 72. The motion is not opposed.

Vannoy sought leave of court to file two Louisiana Department of Public Safety and Corrections Basic Academy Training Outlines, "restrict[ed] [from] public viewing."[1] In her supporting memorandum however, Vannoy sought to prohibit **the plaintiff** access to the training outlines on grounds that to allow the plaintiff to view this information would threaten the security of the penal facility.[2]

A district court has supervisory authority over its records. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). A court may deny access to records if the records become a vehicle

---

[1] Record document number 72, p. 2.

[2] Record document number 72-1, pp. 1-2 (emphasis added).

Shumpert

for improper purposes. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98, 98 S.Ct. 1306 (1978) (listing various types of improper purposes that favor denying the public access to judicial records). Nevertheless, a court must use caution in exercising its discretion to place records under seal. *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

Rather than seeking to restrict public access to the training outlines to guard against their use for some improper purpose, the defendant seeks to have the training outlines filed under seal to deny the plaintiff access to the documents, which documents she relies on to support her motion for summary judgment.[3] But unlike the circumstances surrounding filing excerpts from the book *Pimpology* under seal,[4] these training materials are not available to the plaintiff from other sources. Materials explaining how corrections officers are trained to recognize, assess, and respond to certain inmate behaviors is not the same as a few pages from a book which arguably "provides instructions on how to identify women with low self esteem, to control and to isolate them."[5]

Accordingly, the defendant's Ex Parte Motion For Leave to File

---

[3] See record document number 60, Defense Motion for Summary Judgment on Behalf of Defendant Cindy Vannoy.

[4] See record document number 59, Ex Parte Motion to File Pages Excerpted from the Book *Pimpology* Under Seal of Court.

[5] Record document number 60-3, Supplemental Affidavit of defendant Cindy Vannoy, ¶ 4.

Two Louisiana Department of Public Safety and Corrections Basic Academy Training Outlines Under Seal of Court is granted.

Baton Rouge, Louisiana, May 1, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE